# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
### DISTRICT OF MARYLAND

Felicia C. Cannon, Clerk

Reply to Northern Division Address

August 22, 2000

WMN-00-1245

Dear Counsel:

You have submitted a proposed confidentiality or protective order for the court's approval. There are several items that must be included in any protective order before such approval may be obtained. The judge to whom this case is assigned has directed that you redraft the order as necessary in accordance with the enclosed Memorandum and submit a revised version for approval within 14 days of the date of this letter.

Very truly yours,

FELICIA C. CANNON, CLERK

By: _D. Skinner_
Deputy Clerk

JUDGE: _CCB for WMN_
Initials

_8/28/00_
Date

U.S. District Court (Rev. 11/1999) - Proposed Protective Order Packet

---

Northern Division • 4415 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201 • 410-962-2600
Southern Division • 240 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Web Site at www.mdd.uscourts.gov

## MEMORANDUM RE: PROPOSED CONFIDENTIALITY ORDERS

In accordance with applicable case law and policies adopted by this Court, proposed protective orders concerning the confidentiality of materials and information exchanged during discovery must include:

1. A definition of confidentiality consistent with Fed. R. Civ. P. 26(c)(7);

2. A method for challenging particular designations of confidentiality with the burden remaining on the party seeking confidentiality to justify it under Rule 26(c);

3. A provision that whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the court record under seal, the party making such filing must simultaneously submit a motion and accompanying order which includes (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. See Stone v. University of MD Medical Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988); Rushford v. New Yorker Magazine, Inc. 846 F.2d 249, 253-54 (4th Cir. 1988); In Re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984); M.P. v. Schwartz, 853 F. Supp. 164 (D. MD 1994); and (c) a provision permitting the Clerk to return to counsel or destroy any sealed material at the end of the litigation.

**See Local Rules 104.13 and 105.11**